UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAULO CORRO, *et al*.,<br><br>　　　　　Defendants. | Case No. 21-cv-07085-SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

Defendants' motion to dismiss the complaint is scheduled for a hearing on January 21, 2022. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the motion is DENIED.

Plaintiff Andres Gomez alleges that he is blind and uses screen-reader software to access the internet and consume website content on his computer, as well as to access websites and applications on his mobile device. The complaint alleges that defendants Paulo Corro and Arturo Ramirez are real estate agents who operate a real estate website, www.napalisting.com, and that defendants also operate out of a physical office that is open to the public. Compl. ¶¶ 6-7, 16. The complaint alleges that defendants' website "is a nexus between [defendant] Real Estate Agents' customers and the terrestrial based privileges, goods or services offered by Real Estate Agents." *Id*. ¶ 18. Gomez alleges that he was a prospective customer and that he visited defendants' website in March and July 2021 with the intention of getting information about houses for sale, but that he was unable to navigate the website because of "numerous accessibility design faults." *Id*. ¶¶ 20-22.

Defendants move to dismiss the complaint, contending that Gomez lacks standing because he has testified in other cases that he has not worked in years, and thus Gomez is not financially

capable of purchasing a house. Defendants also contend that the Americans with Disabilities Act ("ADA") cause of action should be dismissed because the ADA only applies to defendants' website if there is a nexus to a physical office, and Mr. Ramirez has filed a declaration stating that defendants do not meet customers at their personal office, and instead that they meet customers at properties that are for sale. Defendants also argue that there is no ADA violation because they do not sell properties through the website, and thus there are no "goods" for sale on the website.

The Court concludes that defendants' arguments raise factual questions that are not appropriate for resolution on the pleadings. Gomez has alleged that he is blind, that defendants' website is inaccessible to visually impaired individuals, that the website's inaccessibility denied Gomez the use and enjoyment of defendants' goods and services, and that there is a nexus between defendants' website and a physical office. As a pleading matter, those allegations are sufficient. *See Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019) (holding the ADA applies to a website and application which connect customers to the goods and services of a physical restaurant). Defendants may renew their arguments on a fuller factual record.

For the foregoing reasons, the Court DENIES defendants' motion to dismiss the complaint.

**IT IS SO ORDERED**.

Dated: January 10, 2022

SUSAN ILLSTON
United States District Judge