1  Ara Sahelian, Esq., [CBN 169257]
2  SAHELIAN LAW OFFICES
   25108 Marguerite pkwy, Ste A
3  Mission Viejo, CA  92692
4  949. 859. 9200
   e-mail: contact@sahelianlaw.com
5  Attorneys for Paulo Corro and Arturo Ramirez
6
7

8               **UNITED STATES DISTRICT COURT**
9          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                         **(SAN FRANCISCO)**
10

| | |
|---|---|
| Andes Gomez, | CASE NO.: 3:21-cv-07085-SI |
| Plaintiff, | The Honorable Susan Illston |
| | COURTROOM: 1 |
| vs. | |
| | **DEFENDANTS' REQUEST FOR LEAVE FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION** |
| Paulo Corro; Arturo Ramirez, | |
| Defendants. | |
| | Filed:9/13/2021 |
| | Hearing Date: 5/6/2022 |
| | Time: 10:00 AM |

**DEFENDANTS' REQUEST FOR LEAVE FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION**
- Page 1 -

# DEFENDANTS' REQUEST FOR LEAVE FOR RECONSIDERATION AND MOTION FOR RECONSIDERATION

**INTRODUCTION**

In September, 2021, serial filer Mr. Andres Gomez (hereinafter also "Plaintiff") began executing a plan to file suit against real estate agents / brokers in Napa under the ADA. Plaintiff filed suit against dozens, alleging he desired to buy property in Napa, that he was a "prospective customer," that he wanted to view houses for sale, particularly those featured on the Websites operated by each defendant agents/brokers, but could not because they were not readable using screen reader software (SRS).

What Plaintiff (and his attorneys) failed to realize was that Plaintiff had, months earlier, testified at a deposition in *Gomez v. Aslan*, (Case Number: 21STCV17753, Superior Court of California, County of Los Angeles, The Honorable Gregory Alarcon), that he was domiciled in Florida, and collected around $900 a month in SSDI Benefits. Being a "prospective customer" for Napa property was simply implausible. Yet, each complaint alleged:

> "Plaintiff was a prospective customer who wished to access Defendant's goods and services of the Real Estate Agent. ¶ 20; Plaintiff visited the Website in March 2021 and July 2021 with

the intent get [sic] information about houses on sale in Northern California. ¶ 21"

In truth, Plaintiff was never a prospective customer. This became apparent when the Court, in *Gomes v. Gates,* below, gave Plaintiff an ultimatum. Judge Alsup, in effect ordered Plaintiff to either admit that he is unable to afford property in Napa and to dismiss the case, or to testify at a deposition wherein he would be unable to object to a scrutiny into his financial affairs.

Backed into a corner, Plaintiff did an about-face, and admitted - under penalty of perjury - that he was, in effect, not a prospective customer and instead a "window shopper," a "dreamer." Yes, a window shopper, and a dreamer.

This attorney represents the defendants in the following Gomez cases:

**Gomez v. Buresh, Case Number: 4:21-cv-08138-KAW, United States District Court, Central District of California, The Honorable Kandis A. Westmore**

**Gomez v. Gates Estates, Inc., Case Number: 3:21-cv-07147-SK, U.S. District Court California Northern District (San Francisco), The Honorable William Alsup**

*Gomez v. Lesti Real Estate, Inc.*, Case Number: 3:21-cv

-09554-TSH, U.S. District Court, California Northern District (San Francisco), The Honorable Thomas S. Hixson

*Gomez v. Magliocco Group Inc.*, Case Number: 3:21-cv-07148-JCS, United States District Court, Northern District of California, The Honorable Vince Chhabria

*Gomez v. Naimo*, Case Number: 4:21-cv-07328-SBA, United States District Court for the Northern District of California (Oakland), The Honorable Saundra Brown Armstrong

**_Gomez v. Smith_, Case Number: 3:21-cv-07154-JCS, U. S. District Court, Northern District of California (San Francisco), The Honorable Richard Seeborg**

*Gomez v. Sperow*, Case Number: 4:21-cv-07852-YGR, United States District Court for the Northern District of California (Oakland), The Honorable Yvonne Gonzalez Rogers

Matter in bold have been dismissed by the Courts on the ground that Plaintiff Gomez lacked standing. The rulings on motions to dismiss on the remaining cases were either made before Plaintiff's admission, or have yet to be made.

In view of Plaintiff's change in posture, his admission that he is not a prospective customer, Defendants, here, have patiently waited for Plaintiff to apply for a voluntary dismissal. That application has not been forthcoming. Defendants, therefore, move for Reconsideration of the Motion to Dismiss

filed on December 5, 2021, and DENIED on January 10, 2022. (Dkt. 24).

## PLAINTIFF MOVES FOR RECONSIDERATION OF THE COURT'S EARLIER RULING, DENYING DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING

Motions for reconsideration are governed by Civil Local Rule 7-9: "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  A court has discretion to reconsider a judgment or order pursuant to Rule 59(e) or 60(b). *School Dist. No. 1J Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Absent unusual circumstances, reconsideration is only appropriate where the court is presented with newly discovered evidence, the court committed clear error or the decision was manifestly unjust, or there has been an intervening change in controlling law. *Id*. at 1263.

In order to obtain leave of Court to file a motion for reconsideration under Rule 7-9(a), the moving party must specifically show: (1) "a **material difference in fact or law** exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought [and] ... that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory

order"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

Local Rule 7-18 supplements the Federal Rules as follows: a Motion for Reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the moving party for reconsideration at the time of such decision, or (b) **the emergence of new material facts or a change of law** occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts present to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

**NEW MATERIAL FACTS HAVE EMERGED**

On February 14, 2022 the Court in *Gomez v. Gates*, above, following a hearing on Defendant's Motion to Dismiss, ordered Plaintiff to:

> "[F]ile a stipulation that the basis for his standing to bring this lawsuit is that he is a "tester" solely for defendant's website. That is, that plaintiff only desires to use

> defendant's website; that plaintiff has no intent or desire to avail himself of, and that he has not been deterred from availing himself of, the services of defendant's physical office, as a "tester" or otherwise. If plaintiff files a clear-cut stipulation so stating, the motion to dismiss will be granted on that question of law and plaintiff may appeal."

(Dkt 33). See Exhibit B for a true and correct copy.

On February 14, 2022, Plaintiff filed a declaration, renouncing his purported posture as a prospective customer, the relevant part of which reads:

> "**It is unlikely that I would purchase a home in the near-term from one of the listings offered by the Defendant in this case**, however there is value to me in consuming the information provided in real estate listings regardless of any specific plans to purchase those listings. (¶ 5).
>
> **Window shopping and dreaming** about real estate is a hobby of mine. I occasionally buy lottery tickets and dream of buying homes in expensive areas such as the Napa Valley area. I do not believe that my ability or inability to currently purchase property should result in my exclusion from the privilege of viewing listings that are publicly listed on the site." Emphasis added. (¶ 10)."

(Dkt 34). See Exhibit C for a true and correct copy.

On February 15, 2022 the Court GRANTED Defendant's Motion to Dismiss, ruling in relevant part:

> "Instead, in our circuit, Title III applies to a website only if the website "facilitates access to the goods and services of a place of public accommodation," or, put differently, if the inaccessibility of the website "impedes access to the goods and services" of the physical location. Ibid. (emphasis added). Therefore, because a website is neither a public accommodation, nor a service of a public accommodation under Robles, plaintiff must allege and prove that the inaccessibility of the website has deterred him from using the services of the physical location.
>
> Here, as merely a dreamer and window-shopper, plaintiff has affirmatively disclaimed any intention of "engag[ing] the services of the business" (Dkt. No. 34 at 1.) Plaintiff wants to look up houses for sale in Napa on defendant's website, but, under Robles, **the ADA does not protect his general interest in being able to gather information from defendant's website unrelated to any desire to avail himself of defendant's actual services. Instead, the ADA protects plaintiff's interest in using the website only if its inaccessibility impedes his access to the services of defendant's physical office.** Since plaintiff has no intent or desire to use such services, the inaccessibility of

the website has not impeded his access to them and, therefore, he has not suffered an injury under the ADA." (Emphasis added).

(Dkt 36). See Exhibit D for a true and correct copy.

## OTHER DECISIONS

On January 12, 2022 the Court in *Gomez v. Smith*, (Case Number: 3:21-cv-07154-JCS, U.S. District Court, Northern District of California (San Francisco), The Honorable Richard Seeborg), filed an Order GRANTING Defendant's Motion to Dismiss, ruling in relevant part:

> "[T]he Ninth Circuit requires a nexus between the plaintiff's visit to the website and a place of public accommodation, not just any physical location. See *Robles*, 913 F.3d at 905. Gomez has offered conclusory statements in his complaint, stating that "[t]he Website is a nexus between Real Estate's customers and the terrestrial based privileges, goods or services offered by Real Estate" and that "Real Estate operates privileges, goods or services out of a physical location in California. These services are open to the public, places of public accommodation, and business establishments." Complaint ¶¶ 12-13. Gomez, though, has failed in his complaint to describe what that nexus is or even what the relevant physical place of public accommodation is, and thus has failed to plead an injury under the ADA. As Gomez cannot establish an injury under the ADA, he lacks

standing, and the motion to dismiss under Rule 12(b)(1) is granted."

(Dkt 23). See Exhibit A for a true and correct copy.

Similarly, on March 23, 2022 the Court in *Gomez v. Buresh*, (Case Number: 4:21-cv-08138-KAW, United States District Court, Central District of California, The Honorable Kandis A. Westmore), filed an Order GRANTING Defendant's Motion to Dismiss, ruling in relevant part:

> "Plaintiff does not assert that he was deterred from accessing the services of Defendant's physical office, such as hiring Defendant to assist in purchasing or renting a place, or even to view a location. Plaintiff also does not allege that he has or ever had any intention of visiting Defendant's physical office. Plaintiff instead alleges that he was deterred from visiting the website itself, and was prevented from accessing information about listings on the website. (Compl. ¶¶ 17 ("Plaintiff visited the Website [to] get information about houses on sale and rent in Northern California."), 24 ("Plaintiff has been deterred from returning to the Website as a result of these prior experiences."), 26 ("If the website had been constructed equally accessible to all individuals, Plaintiff would have been able to navigate the Website and find information on houses on sale."), 27 ("Plaintiff will return to the Website to avail himself of its good and/or services and to determine compliance with the disability access

laws once it is represented to him that the Real Estate and Website are accessible"). Because Plaintiff makes no allegations that he seeks to engage the services of or visit Defendant's business -- as opposed to his general interest in looking up information about listings on Defendant's website -- Plaintiff fails to allege standing.

...

Accordingly, the Court finds that Plaintiff has failed to establish standing for his ADA claim, warranting its dismissal for lack of subject matter jurisdiction."

(Dkt 18). See Exhibit E for a true and correct copy.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the court reconsider its earlier ruling, and dismiss the case.

Respectfully submitted:
Dated: March 28, 2022

SAHELIAN LAW OFFICES

Ara Sahelian, Esq.