CENTER FOR DISABILITY ACCESS
Zachary Best, Esq., SBN 166035 Prathima Reddy
Price, Esq., SBN 321378
Aaina Duggal, Esq., SBN 333681
100 Pine St., Ste 1250
San Francisco, CA 94111
858)375-7385; Fax (888)422-5191
AainaD@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Andres Gomez,**<br><br>   Plaintiff,<br><br> v.<br><br>**Paulo Corro** dba Corro Ramirez;<br>**Arturo Ramirez** dba Corro Ramirez; and Does 1-10,<br><br>   Defendants. | Case No. 3:21-cv-07085-SI<br><br>**DECLARATION OF AAINA DUGGAL IN RESPONSE TO THE ORDER TO SHOW CAUSE**<br><br>Hon. Susan Illston |

1. I, Aaina Duggal, am an attorney of record for Plaintiff and admitted to practice law in all courts in the State of California including the district court in which this matter is being heard.

2. I am familiar with this matter and I could competently testify to the following statements.

3. On September 13, 2021, Plaintiff filed this action against Defendants, alleging violations of the Americans with Disabilities Act and the Unruh Civil Rights Act. (ECF-1).

4. On January 10, 2022, through my assistant, I reached out to Defense Counsel to schedule a Joint Site Inspection. Her email provided the following:

> *"The language of Paragraph 7(b) of GO56 specifically contemplates the inspection of websites ("The parties shall inspect together the portions or aspects of the subject premises, transportation service, examination, course, program, service, activity, website, mobile software application, or other technology that are claimed to violate the Americans with Disabilities Act").*
>
> *However, Paragraph 7(c) notes that "if the parties agree that plaintiff alleges only violations unrelated to a physical location (such as programmatic or policy violations), or if the parties already have reached an agreement resolving claims for injunctive relief and all other material terms, conditioned only on resolution of claims for damages, attorneys' fees, and costs, the parties may proceed directly to the required settlement meeting described in Paragraph 8 of this Order, in which case the settlement meeting shall be scheduled within 60 days after service of the Complaint."*
>
> *It seems the "structure" of a website is also factually related to "policy" (given the fairly fluid nature of changing a website in contrast to a physical structure). So based on the language of GO56's Paragraph 7, if we can agree/stipulate that this is a policy violation unrelated to a physical location, then we can forego the JSI.*
>
> *In the event that we do agree a JSI is not necessary, then can we also agree that Initial Disclosures, usually due 7 days before JSI, will be due 7 days before the scheduled GO56 settlement meet and confer (the next step)?"*

A follow up email was sent on January 17, 2022.

5. On January 19, 2022, Defense Counsel responded, agreeing that a Joint Site Inspection requirement did not apply, and therefore, the parties agreed to waive the Joint Site Inspection in accordance with Paragraph 7(c) of General Order 56.

6. On January 21, 2022. Defendants filed their answer (Dkt. 25).

7. By March 9, 2022, the parties exchanged initial disclosures.

8. On March 18, 2022, Plaintiff filed the Joint Case Management Statement (Dkt. 26).

9. On March 24, 2022, the Court ordered Plaintiff to show cause in writing no later than March 30, 2022, whether the joint site inspection has occurred (Dkt. 28).

10. This is in response to the court's order (Dkt. 28) to show cause in writing no later than March 30, 2022, whether the joint site inspection has occurred.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: March 30, 2022                    CENTER FOR DISABILITY ACCESS

                                         By: /s/ Aaina Duggal
                                         Aaina Duggal, Esq.
                                         Attorney for Plaintiff