UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>PAULO CORRO, *et al.*,<br><br>    Defendants. | Case No. 21-cv-07085-SI<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION AND VACATING APRIL 7, 2022 CASE MANAGEMENT CONFERENCE** |

In an order filed March 24, 2022, the Court directed plaintiff Andres Gomez to show cause whether the parties had complied with General Order 56's requirement of a joint site inspection. On March 30, plaintiff's counsel filed a sworn declaration stating that a joint site inspection was unnecessary because the alleged inaccessibility of defendants' websites "is a policy violation unrelated to a physical location." Dkt. No. 31 at 2.

The Ninth Circuit has held that "[b]ecause the ADA only covers 'actual, physical places where goods or services are open to the public, and places where the public gets those goods or services,' there had to be 'some connection between the good or service complained of and an actual physical place.'" *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)). "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-cv-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 21, 2021).

Here, plaintiff's counsel has stated under penalty of perjury that the alleged website barriers are "unrelated to a physical location." Dkt. No. 31 at 2. As such, it appears that there is no basis

1 for a claim under the Americans with Disabilities Act, and thus that this Court lacks subject matter
2 jurisdiction.  The Court also takes judicial notice of the declaration that Mr. Gomez filed on February
3 14, 2022, in *Andres Gomez v. Gates Estates, Inc.*, C 3:21-cv-07147 WHA (Dkt. No. 34-1), in which
4 Mr. Gomez (who lives in Miami, Florida) stated that he enjoyed "window shopping" by browsing
5 real estate websites featuring Napa Valley homes and that he did not have any present intention to
6 visit the defendant's physical office in  Napa Valley because "physically visiting the business for
7 any reason would be fundamentally less useful to me than using the website or telephone."  This
8 case, like *Gates Estates*, involves allegations of perusing defendants' websites to look at houses for
9 sale in Northern California.

10       Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than **April 8,**
11 **2022** why this case should not be dismissed for lack of subject matter jurisdiction.  If Mr. Gomez
12 and his counsel contend that there is a basis for subject matter jurisdiction, Mr. Gomez shall file a
13 declaration signed under penalty of perjury stating the factual basis for the ADA claim, and Mr.
14 Gomez's counsel shall file a declaration signed under penalty of perjury and consistent with Rule
15 11 explaining the apparent inconsistency between Ms. Duggal's March 30 sworn declaration and an
16 assertion of subject matter jurisdiction.

18 **IT IS SO ORDERED**.

20 Dated: April 5, 2022  _____
      SUSAN ILLSTON
21       United States District Judge